In re Thomas E. **RICHARDSON**, Debtor.

Bankruptcy Nos. 80–00612K, 81–01310K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 20, 1981.

Perry L. Crutchfield, Jr., Philadelphia, Pa., for debtor.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case is brought before the Court on a motion by the Standing Trustee, James J. O'Connell, Esquire, to examine the payments made by the debtor, Thomas E. Richardson, to his counsel, Perry L. Crutchfield, Jr., Esquire. The trustee and the debtor are seeking to recover the entire amount of payments made by the debtor to his attorney. Under § 329(b) of the Bankruptcy Code, the Court may order the return of payments which exceed the reasonable value of the professional services rendered. It is alleged, by the trustee and the debtor, that counsel failed to effectively represent the debtor. The Court finds that the amount of $1,300.00 must be refunded by the debtor.[1]

## FINDINGS OF FACT

1. The debtor, Thomas E. Richardson, was contacted by the office of Perry L. Crutchfield, Jr., Esquire, in March of 1980 when sheriff's sale of his home was imminent. N.T. pp. 5, 11.

2. Counsel filed a chapter 13 petition, Bankruptcy No. 80–00612K, on behalf of Mr. Richardson on March 25, 1980. N.T. p. 6.

3. Mr. Richardson paid $500.00 to counsel prior to March 27, 1980. N.T. p. 6.

4. The statement of affairs in this case shows $50.00 as being transferred to counsel. The 329(b) statement shows $250.00 as being transferred to counsel. These misstatements were not corrected by amendments filed on May 1, 1980 and July 24, 1980. N.T. pp. 7, 8.

5. By May 1, 1980, Mr. Crutchfield had received a total of $800.00 from the debtor. N.T. p. 7.

6. A total of $900.00 was paid to counsel for services in regard to Bankruptcy No. 80–00612K. N.T. p. 6.

7. At the § 341 meeting held on July 16, 1980, counsel was directed to file an amended plan by July 23, 1980. N.T. p. 7.

8. Amendments filed on July 24, 1980, did not contain a plan. N.T. p. 8.

9. On September 19, 1980, Mr. Crutchfield was again requested to file an amended plan. N.T. p. 8.

10. No such plan was ever filed. N.T. p. 8. Bankruptcy No. 80–00612K.

11. The plan filed in May of 1980 was impossible to fulfill. N.T. p. 10.

12. Mr. Crutchfield did not inform the debtor of his obligation to make payments to the Standing Trustee. N.T. p. 8.

13. Counsel failed to explain the process by which chapter 13 relief would be obtained. N.T. p. 15.

14. The first petition (Bankruptcy No. 80–00612K) was dismissed. N.T. p. 20.

15. The debtor transferred a total of $400.00 to counsel for the filing of a second chapter 13 petition. N.T. p. 22.

16. The petition was filed on April 9, 1981. Bankruptcy No. 81–01310G, transfer-

---

[1]. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

red to the Honorable William A. King, Jr., on August 26, 1981.

17. On August 10, 1981, Mr. Crutchfield filed an application for extension of time *nunc pro tunc.* N.T. p. 23.

18. This application was filed 122 days after the filing of the petition. Bankruptcy Docket No. 81–01310K.

19. The docket shows a plan was also filed on August 10, 1981. Bankruptcy Docket No. 81–01310K.

20. Counsel, Perry L. Crutchfield, Jr., Esquire, admitted that the plan was not filed timely, nor was any application for extension of time filed until 112 days after the permissive period provided by Bankruptcy Rule 13–201. N.T. p. 27.

21. The plan was not filed until after the Standing Trustee's request to examine payments to the debtor's attorney, which request was filed on August 3, 1981. Bankruptcy Docket No. 81–01310K.

22. The hearing on the Standing Trustee's request was held on September 10, 1981.

23. The Standing Trustee introduced both of the case files and dockets into evidence. N.T. p. 3.

24. The debtor, Thomas E. Richardson, appeared and testified. N.T. pp. 4 et seq.

### CONCLUSIONS OF LAW

1. The fee received by Perry L. Crutchfield, Jr., Esquire, from the debtor for the first case, Bankruptcy No. 80–00612K, was unreasonable. Nine hundred dollars ($900.00) is an excessive and unreasonable fee for filing of this particular chapter 13 case.

2. Perry L. Crutchfield, Jr., Esquire, did not disclose the full amount of his fee as required by § 329(a) of the Bankruptcy Code and Rule 219 of the Bankruptcy Rules.

3. As a result of the ineffectiveness of counsel, the first case, Bankruptcy No. 80–00612K, was dismissed.

4. Perry L. Crutchfield, Jr., Esquire, is not entitled to retain any funds received from the debtor in regard to the first case. (Bankruptcy No. 80–00612K).

5. The second case, Bankruptcy No. 81–01310K, was also mishandled by counsel. The plan was not filed timely, nor was any application for extension filed in a timely fashion. The application for extension was not filed until 112 days after the 10 day period prescribed by Bankruptcy Rule 13–201.

6. The actions of counsel in the second case demonstrate complete neglect of both the procedure required by this Court and of his client's interest.

7. Perry L. Crutchfield, Jr., Esquire, is not entitled to retain any funds received from the debtor in regard to the second case. (Bankruptcy No. 81–01310K).

8. This Court derives authority to direct counsel to refund all monies received from § 329(b) of the Bankruptcy Code.

9. An Order will be entered by the Court directing the refund of the entire amount of counsel fees to the debtor because the professional services were so poorly and negligently performed as to be of absolutely no value to the debtor.